**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.   CASE NO. 8:20-cr-364-WFJ-AAS

**DOUGLAS EDWARD BENNETT**

## Report and Recommendation Concerning Guilty Plea

On September 30, 2021 by consent, the defendant appeared before me under Federal Rule of Criminal Procedure 11 and Local Rule 1.02 and pleaded guilty to **COUNTS ONE, TWO AND THREE OF THE INDICTMENT.** After cautioning him and examining him under oath about each Rule 11 matter, I found his plea was intelligently, knowingly, and voluntarily made, and the facts he admitted establish the elements of the charged offense. I therefore recommend accepting his plea and adjudicating him guilty of **COUNTS ONE, TWO AND THREE OF THE INDICTMENT.**

For the proceeding, the prosecutor, defense counsel, and the court all appeared by videoconference.  The defendant is **IN CUSTODY** and appeared by videoconference. The defendant consented to appearing by videoconference, and both he and his lawyer explained they had discussed the matter. His image and voice were clear, and I confirmed he could see and hear me and the lawyers clearly.

I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, he could not be physically present without seriously jeopardizing public health and safety. *See* Administrative Order in *In re The Nat'l Emergency Declared on March 13, 2020*, No. 8:20-mc-25 (M.D. Fla. June 29, 2020, September 22, 2020 and November 23, 2020) (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and March 29, 2020, action by Judicial Conference authorizing videoconferencing under certain circumstances). Delay of the plea would cause serious harm to the interests of justice. Specifically, delaying the proceedings further to accommodate an in-person plea hearing is impracticable given that there is no ascertainable end to the current National

Emergency stemming from the COVID-19 virus, and the interests of justice will be seriously harmed by prolonged, indefinite delays of the plea hearing in light of Defendant's stated desire to plead guilty, and proceeding with the plea hearing by video conferencing at this time reduces the potential that any necessary participant in the hearing – including, specifically, the Defendant, Defendant's counsel, the lead Assistant United States Attorney, and/or the relevant case agent(s) with personal knowledge of the case – may become unavailable or unable to attend a plea hearing in-person due to illness. Last, the Defendant desires to enter a timely plea to avail himself to receiving credit for acceptance of responsibility under the United States Sentencing Guidelines.

**Done** in Tampa, Florida, on September 30, 2021.

_____
ELIZABETH A. JENKINS
United States Magistrate Judge